**Devendra Prakash Babulal BANSAL, Plaintiff–Appellant,**

v.

**CONSULATE GENERAL OF INDIA HOUSTON; Shri S.R. Tayal, the Consul General; Consul General (April–May 2001); Mr. Vishnu N. Hade; Embassy of India, Washington; John Ashcroft, U.S. Attorney General; Immigration and Naturalization Service C/O Commissioner; Richard Cravener, Immigration and Naturalization Service District Director; Gregory Demary, Immigration and Naturalization Service; Paul Barrow, Immigration and Naturalization Service; Hipolito Acosta, Immigration and Naturalization Service, Defendants–Appellees.**

**Devendra Prakash Babulal Bansal, Plaintiff–Appellant,**

v.

**Immigration And Naturalization Service; Lamar University, C/O President; Dr. James M. Simmons, President; Mike Ferguson, Jr., Vice President, Defendants–Appellees.**

Devendra Prakash Babulal Bansal,
Plaintiff–Appellant,

v.

Consulate General Of India Houston;
Shri S.R. Tayal, the Consul General;
Consul General (April–May 2001);
Vishnu N. Hade; Embassy of India
Washington; John Ashcroft, U.S. At-
torney General; Immigration and
Naturalization Service C/O Commis-
sioner; Richard Cravener, Ins District
Director; Gregory Demary, INS; Paul
Barrow, INS; Hipolito Acosta, INS,
Defendants–Appellees.

Nos. 03–20625, 03–20638, 03–
20788 and 04–20033
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 24, 2004.

Devendra Prakash Babulal Bansal,
Mumbai, India, for Plaintiff–Appellant.

Before JOLLY, WIENER, and
PICKERING, Circuit Judges.

PER CURIAM:*

Devendra Bansal appeals from the dis-
trict court's denial of *in forma pauperis*
("IFP") status and the dismissal of two
*pro se* civil rights complaints filed against
numerous defendants. He has also filed
redundant motions to proceed IFP, for ap-
pointment of counsel, and to reinstate ap-
peal no. 04–20033. Bansal is a citizen of
India who was suspended from school in
1997 and deported in May 2001 following
two misdemeanor convictions for harass-
ment in Texas. He has a lengthy history
of challenging his convictions, suspension,
and deportation in three different district
courts and in numerous appeals via peti-
tions for habeas corpus and civil rights
suits.** The instant appeals are the latest

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

** *See, e.g., Bansal v. Warden,* No. 00–41338
(5th Cir. Feb. 21, 2002) (unpublished); *Ban-
sal v. Warden,* No. 01–41454 (5th Cir. June 26,
2002) (unpublished); *Bansal v. State of Texas,*

No. 02–40540 (5th Cir. May 15, 2003) (unpub-
lished); *Bansal v. Warden,* No. 03–41110 (5th
Cir. March 16, 2004) (unpublished); *Bansal v.
State of Texas,* No. 03–40713 (5th Cir. March
18, 2004) (unpublished); *Bansal v. Lamar
Univ.,* 93 Fed.Appx. 590 (5th Cir.2004) (un-
published); *Bansal v. Orange City Mayor,* No.
03–41110 (5th Cir. March 16, 2004) (unpub-
lished); *Bansal v. Lamar Univ.,* No. 1:02–CV–

in Bansal's voluminous, repetitive litigation. Bansal's motion to reinstate appeal no. 04–20033 is GRANTED. Bansal has moved to consolidate appeal nos. 03–20625, 03–20638, and 04–20033. Because those appeals share a common record, the motion is GRANTED. We also consolidate appeal no. 03–20788. *See* FED. R.APP. P. 3(b)(2).

Bansal concedes that the instant complaints he filed in the Southern District of Texas, captioned *Bansal v. INS* and *Bansal v. Consulate General of India*, are duplicative of two complaints he filed in nearly identical litigation in the Eastern District of Texas. We conclude that the instant appeals therefore lack arguable merit and should be dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983); 5TH CIR. R. 42.2; *see also Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.1989).

Although he now seeks to have his Southern District of Texas complaints dismissed without prejudice to his pursuit of his claims in one of the Eastern District of Texas cases, the case to which he refers was administratively closed and is no longer pending. *See Bansal v. Lamar Univ.*, No. 1:02–CV–710 (E.D.Tex. July 22, 2003). Moreover, Bansal has had an adverse judgment on similar claims affirmed by this court in yet another civil rights case in the Eastern District of Texas, although we remanded for the district court to consider a single due process claim that the district court erroneously failed to consider. *See Bansal v. Lamar Univ.*, 93 Fed.Appx. 590 (5th Cir.2004).

Bansal has exhibited a pattern of filing repetitive suits that abuses the judicial system. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359–60 (5th Cir. 710 (E.D.Tex. July 22, 2003); *Bansal v. INS,*

1986). Bansal has not clearly explained why he filed nearly identical suits in three different district courts, *i.e.* the Southern and Eastern Districts of Texas and the Eastern District of Louisiana. He has been barred on at least two occasions from filing further pleadings in the district court. *See, e.g., Bansal v. Warden*, No. 1:00–CV–307 (E.D.Tex. July 17, 2003); *Bansal v. Consulate General of India*, No. H–03–CV–2502 (S.D. Tex. Nov. 20 2003). He has also continued to file redundant pleadings in this and other cases despite warnings and orders from the district court and this court. *See, e.g., Bansal v. Orange City Mayor*, No. 03–41219 (5th Cir. Dec. 3, 2003)(unpublished); *Bansal v. Warden*, No. 03–41110 (5th Cir. Mar. 16, 2004)(unpublished). He candidly acknowledges that the instant appeals concern repetitive complaints.

Bansal is ordered to show cause within 30 days why sanctions should not be imposed. *See* FED. R.APP. P. 38; *Freeze v. Griffith*, 849 F.2d 172, 176 (5th Cir.1988); *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir.1981). Bansal is instructed that his response to this order must be limited to 15 pages and that no portion of the response in excess of the limitation will be considered. No extensions of time to respond will be granted.

MOTION TO REINSTATE GRANTED; MOTION TO CONSOLIDATE GRANTED; APPEALS DISMISSED; ALL OTHER OUTSTANDING MOTIONS DENIED; SHOW CAUSE ORDER ISSUED.

No. 1:03–CV–357 (E.D.Tex. Aug. 8, 2003).